1  DENISE M. MINGRONE (STATE BAR NO. 135224)
   dmingrone@orrick.com
2  ROBERT L. URIARTE (STATE BAR NO. 258274)
   ruriarte@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
4  Menlo Park, CA  94025-1015
   Telephone:    +1 650 614 7400
5  Facsimile:     +1 650 614 7401

6  Attorneys for Plaintiff
   SYNOPSYS, INC.
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12 | SYNOPSYS, INC., | Case No. |
|---|---|
13 | Plaintiff, | **COMPLAINT FOR** |
14 | v. | **(1) VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT 17 U.S.C. §§ 1201, ET SEQ.;** |
15 | SILICONCORE TECHNOLOGY, INC., ERIC LI, SONNY TANG, and DOES 1-10, inclusive, | **and (2) AIDING AND ABETTING VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT** |
16 |  | **ACT, 17 U.S.C. §§ 1201, ET SEQ.** |
17 | Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Synopsys, Inc. ("Synopsys") hereby brings this Complaint against Defendants SiliconCore Technology, Inc. ("SiliconCore"), Eric Li ("Li"), and Sonny Tang ("Tang") for circumventing technological measures that effectively control access to Synopsys' software, including at least its CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime, and VCS applications, in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq. (the "DMCA"). Synopsys seeks injunctive relief, statutory and/or actual damages, attorneys' fees and costs, an accounting, and any such other relief as the Court may deem proper. Synopsys alleges the following based on personal knowledge, unless indicated as on information and belief.

**PARTIES**

1. Plaintiff Synopsys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Mountain View, California.

2. Defendant SiliconCore is a corporation organized and existing under the laws of the State of California, with its principal place of business in Milpitas, California.

3. Plaintiff is informed and believes that Defendant Li is an individual residing in Milpitas, California.

4. Plaintiff is informed and believes that Defendant Tang is an individual residing in Milpitas, California.

5. Plaintiff does not presently know the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive. Plaintiff will seek leave of court to amend this Complaint to allege said defendants' true names and capacities as soon as Plaintiff ascertains them.

**JURISDICTION AND VENUE**

6. This action arises under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over SiliconCore because its principal place of business lies within the State of California, and because it has conducted and does conduct

1  business within the State of California and the Northern District of California.

2      8.    This Court has personal jurisdiction over Li because, on information and belief, he
3  is domiciled within the State of California and the Northern District of California.

4      9.    This Court has personal jurisdiction over Tang because, on information and belief,
5  he is domiciled within the State of California and the Northern District of California.

6      10.    Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because, on
7  information and belief, all defendants reside in the State of California and the Northern District of
8  California, and because a substantial part of the events giving rise to the dispute occurred within
9  this district.

## FACTUAL ALLEGATIONS

11      11.    As modern electronic devices become more and more compact and powerful, they
12  use increasingly sophisticated computer processor chips. For example, computer chips found in
13  modern LED video displays can contain millions of transistors. When designing a computer
14  processing chip, the stakes are enormous. Chip designers need software that will ensure that their
15  complex designs will work flawlessly. Accordingly, chip designers require extremely robust and
16  powerful computer software to design and test those chips. Many of the world's biggest and most
17  important chip design companies turn to Synopsys for that software.

18      12.    Since it was founded in 1986, Synopsys has been a leading provider of Electronic
19  Design Automation ("EDA") solutions for the semiconductor industry. EDA generally refers to
20  using computers to design, verify, and simulate the performance of electronic circuits. For more
21  than 25 years, Synopsys' solutions have helped semiconductor manufacturers and electronics
22  companies design, test, and manufacture microchips and electronic systems for a wide range of
23  products. Headquartered in Mountain View, California, Synopsys is the fifteenth largest software
24  company in the world and currently employs over 10,000 employees worldwide. Synopsys has
25  developed a comprehensive, integrated portfolio of prototyping, IP, implementation, verification,
26  manufacturing, optical, field-programmable gate array, and software quality and security
27  solutions.

28      13.    Plaintiff is informed and believes that SiliconCore, which is based in Silicon

Valley and has offices on three continents, designs and manufactures LED displays and laser diode controls.

14. Plaintiff is informed and believes that Li is the Founder, President, and Chief Executive Officer of SiliconCore.

15. Plaintiff is informed and believes that Tang is the Vice President of Engineering of SiliconCore.

16. Synopsys' EDA software applications, including its CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime, and VCS applications, are works subject to copyright protection under Title 17 of the United States Code.

17. Synopsys does not sell ownership rights or copyright or other intellectual property rights to its EDA software and associated services. Instead, Synopsys customers purchase licenses. These licenses grant Synopsys customers limited rights to install Synopsys' EDA software and to access and use specific Synopsys software programs subject to control by Synopsys' License Key system.

18. Synopsys' License Key system is a built-in security system that controls access to its licensed software by requiring a user to access a key code provided by Synopsys in order to execute the licensed software. This key code controls the quantity and term of the licensed software in accordance with the license terms.

19. Defendants have never obtained a valid license from Synopsys to access and use the EDA software that is at issue herein.

20. Beginning at a time unknown to Synopsys, Defendants have been using counterfeit keys obtained through hacker websites to circumvent the Synopsys License Key system and access and use Synopsys' EDA software, including at least its CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime, and VCS applications, without a valid license. Defendants knew or had reason to know that their access and use of Synopsys' software was unauthorized and in violation of the DMCA and Synopsys' valuable copyrights. The fact that Defendants were not being required to pay Synopsys a license fee for access and use of the software alone should have put Defendants on notice that their access and use of Synopsys'

software was unauthorized.

21. Upon information and belief, Defendant SiliconCore has used counterfeit keys to circumvent the Synopsys License Key access-control system at least 4,054 times by seven users. Upon information and belief, Defendant Li has used a counterfeit key to circumvent the Synopsys License Key access-control system at least 28 times. Upon information and belief, Defendant Tang has used a counterfeit key to circumvent the Synopsys License Key access-control system at least 228 times.

22. Synopsys and SiliconCore have engaged in lengthy discussions regarding Synopsys' claims. Synopsys has provided SiliconCore with ample evidence of SiliconCore's unauthorized usage of Synopsys software.

## FIRST CLAIM FOR RELIEF

## (Against All Defendants for Violations of the

## Digital Millennium Copyright Act, 17 U.S.C. § 1201)

23. Synopsys hereby restates and re-alleges the allegations set forth in paragraphs 1 through 22 above and incorporates them by reference.

24. Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under this title.

25. Synopsys' EDA software, including its CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime, and VCS applications, is subject to protection under the copyright laws of the United States.

26. Access to Synopsys' EDA software, including its CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime, and VCS applications, is controlled by technological measures: namely, the Synopsys License Key system.

27. Rather than paying a license to Synopsys for access and use of the EDA software, Defendants used counterfeit license keys that, on information and belief, Defendants knew to be counterfeit and in violation of Synopsys' valuable rights.

28. By using counterfeit license keys, Defendants have circumvented the Synopsys License Key access-control system, and have unlawfully gained access thereby to at least its

1   CustomExplorer, CustomSim, Design Compiler, Formality, HSPICE, IC Compiler, PrimeTime,
2   and VCS applications.

3       29.    The conduct described above has cost Synopsys an amount to be computed at trial,
4   but that amount is in the millions of dollars in lost revenue, and constitutes a violation of 17
5   U.S.C. § 1201.

6       30.    The conduct described above was willful and with knowledge of wrongdoing; an
7   award of statutory damages is necessary to dissuade Defendants and others from the use of
8   counterfeit license keys.

9       31.    Accordingly, pursuant to 17 U.S.C. § 1203, Synopsys is entitled to and hereby
10  demands statutory damages in the maximum amount of $2,500 for each of the violations of the
11  statute.

12      32.    Synopsys is further entitled to an award of attorneys' fees and costs as provided
13  under 17 U.S.C. § 1203.

14      33.    Defendants' conduct, unless enjoined and restrained by the Court, will cause
15  irreparable harm to Synopsys, which has no adequate remedy at law. Pursuant to 17 U.S.C. §
16  1203, Synopsys is entitled to a preliminary and permanent injunction prohibiting further
17  violations of § 1201.

**SECOND CLAIM FOR RELIEF**

**(Against Defendants Li and Tang for Aiding and Abetting Violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201)**

21      34.    Synopsys hereby restates and realleges the allegations set forth in paragraphs 1
22  through 33 above and incorporates them by reference.

23      35.    Upon information and belief, Defendants Li and Tang were aware that none of the
24  Defendants obtained valid licenses from Synopsys to use the EDA software at issue herein. Upon
25  information and belief, Defendants Li and Tang encouraged and assisted Defendant SiliconCore
26  to commit violations of the Digital Millennium Copyright Act by inducing Defendant SiliconCore
27  to use a counterfeit license key to access and use Synopsys' EDA software, and by providing their
28  services as employees or independent contractors to assist Defendant SiliconCore in doing so.

36. As a direct and proximate result of Defendants Li's and Tang's assistance in encouraging Defendant SiliconCore to commit violations of the Digital Millennium Copyright Act, Synopsys has been greatly damaged. There is no adequate remedy of law to compensate for the great harm caused by this assistance. Defendants Li and Tang must be enjoined from continuing to aid and abet Defendant SiliconCore in committing violations of the Digital Millennium Copyright Act.

37. By this conduct Defendants Li and Tang made unlawful gains and profits for themselves and/or for Defendant SiliconCore, depriving Synopsys of rights and remunerations that would otherwise have come to Synopsys but for Defendants Li's and Tang's conduct. Defendants Li and Tang have thus caused Synopsys irreparable damages and will continue to cause additional damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Synopsys prays for judgment against Defendants as follows:

A. Entry of judgment in favor of Synopsys against Defendants;

B. An order awarding Synopsys statutory and/or actual damages for each instance on which Defendants circumvented measures controlling access to Synopsys' software pursuant to 17 U.S.C. § 1203;

C. Prejudgment and post-judgment interest;

D. An order awarding Synopsys its costs and attorneys' fees pursuant to 17 U.S.C. § 1203;

E. An order for an accounting of all gains, profits, cost savings and advantages realized by Defendants from their acts;

F. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from circumventing or aiding and abetting others to circumvent Synopsys' License Key system or other technological measures that control access to Synopsys' works in violation of 17 U.S.C. § 1201; and

G. All such further and additional relief, in law or equity, to which Synopsys may be

1  entitled or which the Court deems just and proper.

3  Dated: November 15, 2016

                                          DENISE M. MINGRONE
                                          ROBERT L. URIARTE
                                          Orrick, Herrington & Sutcliffe LLP

                                          By: */s/ Denise M. Mingrone*
                                                 DENISE M. MINGRONE
                                                 Attorneys for Plaintiff
                                                 SYNOPSYS, INC.